UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:　　　　　　　　　　　　　　　　　　　　Case No. 21-48677

KAMIA WEST,　　　　　　　　　　　　　　　　Chapter 7

　　　　　　Debtor.　　　　　　　　　　　　　Judge Thomas J. Tucker
_____/

**ORDER DENYING DEBTOR'S SECOND MOTION FOR REINSTATEMENT**

This case is before the Court on the Debtor's motion entitled "Debtor's Motion for Reconsideration," filed on February 25, 2022 (Docket # 31, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's February 10, 2022 Order dismissing this case (Docket # 27). This is the Debtor's second motion seeking reinstatement of this dismissed case. The Court denied the Debtor's first such motion, which was filed February 10, 2022 (Docket # 28, the "First Motion for Reinstatement"), in an Order entered on February 11, 2022 (Docket # 29, the "February 11 Order").

The Court will deny the present Motion, for all of the same reasons the Court denied the First Motion for Reinstatement, as stated in the February 11 Order, and for several additional reasons. The reasons why the Court is denying the present Motion are as follows.

First, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3).

Second, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any valid ground under Fed. R. Civ. P. 59(e), Fed. R. Bankr. P. 9023, or any other valid ground, for relief from the order dismissing this case.

Third, the Motion indicates that the Debtor's attorney is at fault for the Debtor's failure to timely pay the overdue filing fees for this case (Case No. 21-47209) and the Debtor's prior case by the February 8, 2022 deadline set by the Court. But any neglect or mistake by the Debtor's attorney must be deemed attributable to the Debtor, for purposes of determining whether there was excusable neglect or mistake. *See, e.g., In re Peek*, 614 B.R. 274, 276 (Bankr. E.D. Mich. 2020) (citation omitted). In this case, the type of neglect or mistake by the Debtor's attorney alleged in the Motion is not "excusable." *See, e.g., id.* at 276-77 (citations omitted); *In re Faulkner*, 605 B.R. 460, 462-63 (Bankr. E.D. Mich. 2019), *aff'd.*, No. 19-12803, 2020 WL 1672660 (E.D. Mich. April 6, 2020).

Fourth, now that the Debtor has finally paid the overdue filing fees for this case and for her prior case (albeit only after this case was dismissed), the Debtor is no longer barred from

filing a new bankruptcy case. In fact, the Debtor could have filed a new bankruptcy case as early as February 10, 2022, but to date has not done so. Instead, the Debtor waited until February 25, 2022 and then only filed a meritless second motion for reinstatement of this case.

Fifth, to the extent the Motion seeks relief under Fed. R. Civ. P. 59(e) from the February 10, 2022 Order dismissing this case (Docket # 27, the "Dismissal Order"), the Motion is untimely, because it was required to be filed no later than 14 days after the entry of the Dismissal Order. *See* Fed. R. Bankr. P. 9023.[1] The Debtor's First Motion for Reinstatement was not a motion under Rule 59(e), but rather, at most, was a motion for relief from the Dismissal Order under Fed. R. Civ. P. 60(b). *See, e.g., In re Faulkner*, No. 19-12803, 2020 WL 1672660 (E.D. Mich. April 6, 2020) at *2. A motion under Rule 60(b) does not suspend the finality of the Dismissal Order or toll the running of the deadline for filing a Rule 59(e) motion. *See* Fed. R. Civ. P. 60(c)(2).

Sixth, a result of the untimeliness of the Rule 59(e) motion, the Debtor has forfeited every new argument made in the present Motion as a basis for altering or amending the Dismissal Order or granting any relief from the Dismissal Order, that was not made in the Debtor's First Motion for Reinstatement. This includes the Debtor's argument, made for the first time in the present Motion, that Fed. R. Bankr. P. 1017 required that a hearing be held before the Court dismissed this case.

Seventh, to the extent the Motion is based on L.B.R. 9024-1(c), the Debtor is incorrect in apparently arguing that reinstatement of a case is *mandatory* whenever "the default that caused the dismissal has been or can be cured." The local rule says and means no such thing. Rather, the standards governing a Rule 60(b) motion apply to such a motion, and relief is discretionary under that rule. *See In re Faulkner*, 605 B.R. 460, 461-62 (Bankr. E.D. Mich. 2019), *aff'd.*, No. 19-12803, 2020 WL 1672660 (E.D. Mich. April 6, 2020).

Eighth, the Debtor is incorrect in arguing that the Court was required to hold a hearing before dismissing this case. Under the circumstances here, neither L.B.R. 1017(b)(1) nor any other rule required a hearing before dismissal. For one thing, this case was dismissed not merely because the Debtor failed to pay "any installment of the filing fee" for this case, within the meaning of Rule 1017(b)(1). Rather, the case was dismissed because the Debtor failed to comply with an order of this Court (the Order entered on November 16, 2021 at Docket # 14), which required the Debtor to pay her overdue filing fee for her prior case by no later than February 8, 2022, and which clearly stated that if the Debtor failed to do so, the Court would dismiss this case "without further notice or hearing." That prior-case filing fee was originally due to be paid in full by no later than October 14, 2021. *See* "Order Denying Application to Pay Filing Fees in Installments" (Docket # 18 in Case No. 21-47209).

Ninth, even if Rule 1017(b)(1) can be read to have required "a hearing on notice to the

---

[1] The Motion assumes that the deadline is 28 days after entry of the Dismissal Order. *See* Mot. at 1; Brief in Support of Motion (Docket # 31) at 6. But that is not correct. In bankruptcy cases, Fed. R. Bankr. P. 9023 imposes a 14-day deadline for filing a Rule 59(e) motion.

debtor and the trustee" before the dismissal of this case, the Court satisfied that requirement. 11 U.S.C. § 102(1) states:

> In this title —
>
>   (1) "after notice and a hearing", or a similar phrase—
>
>   (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
>   (B) authorizes an act without an actual hearing if such notice is given properly and if—
>
>   (i) such a hearing is not requested timely by a party in interest; or
>
>   (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;

The requirements of §§ 102(1)(A) and 102(1)(B)(i) were met in this case, by the November 16, 2021 Order (Docket # 14), and the Debtor never requested a hearing or reconsideration of that Order during the almost-three month period after entry of that Order and entry of the Dismissal Order.

Tenth, there certainly has been no due process violation in this case. The Debtor had ample notice (three months' worth of notice) of the November 16, 2021 Order, given to her attorney by an e-mail notice of the filing of the Order by the Court's ECF system, and ample notice of the requirement and deadline that Order imposed, and ample notice that the case would be dismissed if the Debtor failed to comply with the Order.

Eleventh, neither the present Motion nor the Debtor's prior motion for reinstatement meets the requirements for relief under Fed. R. Civ. P. 59(e). "[A] motion to alter or amend judgment may be granted only: '(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice.'" *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F.App'x 473, 476 (6th Cir. 2014) (citing *CGH Transp. Inc. v. Quebecor World, Inc.*, 261 Fed.Appx. 817, 823 (6th Cir.2008) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999))). None of these requirements is met here.

Twelfth, this Court has not abused its discretion or committed a "manifest injustice" in dismissing this case, and in refusing to reinstate this case, all due to the Debtor's failure to comply with the November 16, 2021 Order. The Debtor had ample notice of the November 16, 2021 Order, and Court orders must be obeyed, not ignored.

Accordingly,

IT IS ORDERED that the Motion (Docket # 31) is denied.

**Signed on March 1, 2022**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**